IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob Gonzalez,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　　Respondents. | No. CV-14-0496-PHX-DJH (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DIANE J. HUMETEWA, U. S. DISTRICT JUDGE:

Jacob Gonzalez filed a Petition for Writ of Habeas Corpus on March 13, 2014, challenging his convictions in Maricopa County Superior Court for six felonies stemming from a drive-by shooting. His habeas petition alleges that he received ineffective assistance of counsel. Respondents contend that his petition is untimely. As explained below, the Court recommends that Gonzalez's petition be denied and dismissed with prejudice.

**BACKGROUND**

On January 21, 2004, at the conclusion of a four day trial in the Maricopa County Superior Court, a jury found Gonzalez guilty of five counts of aggravated assault and one count of drive-by shooting and found all of the counts to be dangerous offenses.[1] On July 29, 2005, the Court sentenced Gonzalez to presumptive terms of seven-and-one-half

---

[1] After he failed to appear in court for the trial management conference, a bench warrant was issued for Gonzalez. (Doc. 9, Exs. H, I) He did not return to court for his trial and so he was tried *in absentia*. (Doc. 9, Exs. H, I, J)

years for each of the aggravated assault counts and a presumptive term of 10.5 years for the drive-by shooting count; with two of the aggravated assault counts and the drive-by shooting to run concurrently to each other, and the other three aggravated assault counts to run concurrently to each other and consecutively to the first three counts. (Doc. 1, Ex. 2; Doc. 9, Ex. U)  At his sentencing, Gonzalez received a "Notice of Rights of Review After Conviction and Procedure" which detailed his right to post-conviction relief, including the timeframe for initiating such relief. (Doc. 9, Ex. L)  Gonzalez signed this Notice to acknowledge his receipt. (*Id.*)

Gonzalez timely appealed; his counsel found no arguable issues of law and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). (Doc. 9, Ex. M)  Gonzalez told his counsel that he believed "his trial was unfair and unconstitutionally conducted because it was in *absentia.*" [sic]  (*Id.*)  On May 30, 2006, the Court of Appeals filed its memorandum decision affirming Gonzalez's convictions and sentences, and specifically found no error in the trial court's decision to conduct Gonzalez's trial *in absentia.* (Doc. 1, Ex. 3; Doc. 9, Ex. N)  Gonzalez did not move for reconsideration and he did not petition the Arizona Supreme Court for review. (Doc. 9, Ex. N)

On June 30, 2006, Gonzalez filed a Notice of Post-Conviction Relief. (Doc. 9, Ex. O)  On September 11, 2006, Gonzalez, through counsel, filed a Petition for Post-Conviction Relief arguing ineffective assistance of trial and appellate counsel. (Doc. 1, Ex. 4)  On January 25, 2007, at the conclusion of briefing, the Superior Court denied and dismissed Gonzalez's petition. (Doc 1, Exs. 5, 6, 7)  Subsequently, Gonzalez, through counsel, petitioned the Court of Appeals for review. (Doc. 1, Ex. 8)  The State responded and, on November 9, 2007, the Court of Appeals denied review. (Doc. 1, Ex. 9; Doc. 9, Ex. Q)  Gonzalez, through counsel, petitioned the Arizona Supreme Court for review. (Doc. 9, Ex. R)  The State filed a Notice of Acknowledgment and, on March 18, 2008, the Supreme Court summarily denied review of his petition. (Doc. 1, Ex. 10; Doc. 9, Exs. S, T)

On March 13, 2014, Gonzalez filed a Petition for Writ of Habeas Corpus in this Court raising claims of ineffective trial, appellate and collateral counsel. (Doc. 1) Respondents contend that his Petition is untimely and that he is not entitled to equitable tolling. (Doc. 9) This Court agrees and recommends that this Petition be denied and dismissed with prejudice.

**Gonzalez's Petition is Untimely.**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2).

The Arizona Court of Appeals affirmed Gonzalez's convictions and sentences on May 30, 2006. Gonzalez did not move for reconsideration and he did not petition the Arizona Supreme Court for review. Thus, Gonzalez's conviction became final on July 5, 2006, the expiration of his time period to petition the Arizona Supreme Court for review of his direct appeal. *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) ("direct appeal [i]s final upon the expiration of the time for seeking review of the Court of Appeals decision in the Arizona Supreme Court"); *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978) (applying Arizona Rule of Criminal Procedure 1.3(a)).

Before his conviction became final, Gonzalez filed a Notice for Post-Conviction Relief thereby tolling his period of limitations under Section 2244(d)(2). *Isley v. Ariz. Dept. of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona post-conviction rules demonstrate that the proceedings begin with the filing of the Notice."). Gonzalez's tolling continued until his post-conviction proceedings concluded on March 18, 2008, when the Arizona Supreme Court dismissed his petition for review of the trial court's dismissal of his post-conviction proceedings.

*Hemmerle*, 495 F.3d at 1077 (collateral proceedings conclude when the Arizona Supreme Court denied petition for review). Accordingly, Gonzalez's one year limitations period began on March 19, 2008, and he was required to file his habeas petition in this court by March 19, 2009. Instead, he filed his habeas petition nearly five years later, on March 13, 2014. Therefore, as he acknowledges, his petition is untimely.

**Gonzalez is Not Entitled to Tolling.**

Gonzalez's Petition is untimely unless he can show that he is entitled to equitable tolling. To make such a showing, Gonzalez must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Gonzalez does not attempt to show either prong of this test. Instead, he argues that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), entitles him to file an untimely habeas petition. (Doc 1 at 7; Doc. 2 at 8-12) This argument is unpersuasive because *Martinez* does not address the limitations bar in Section 2244(d)(2) and it does not excuse an untimely habeas petition. *E.g., Madueno v. Ryan*, 2014 WL 2094189, at *7 (D. Ariz. May 20, 2014); *Marshall v. Ryan*, 2014 WL 710954, at *5 (D. Ariz. Feb. 25, 2014); *Moreno v. Ryan*, 2014 WL 24151, at *5 (D. Ariz. Jan. 2, 2014).

Gonzalez argues that the Ninth Circuit extended *Martinez* to allow for untimely habeas petitions in *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013). This argument is unavailing because, unlike here, *Ha Van Nguyen* involved an attempt to add a claim to a timely filed habeas petition after the expiration of the statute of limitations. *Id*. Because Gonzalez never timely filed a habeas petition, there has never been a petition that he can use to relate back his claims of ineffective assistance of counsel.

Finally, Gonzalez claims that he is entitled to tolling because his current counsel could not timely obtain a copy of his legal file from his previous counsel. (Doc. 2 at 9) However, he does not include the date of the request, the length of the delay or any other facts that would bring this case within the scope of *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003), *as amended* (Nov. 3, 2003). Moreover, the nearly five-year delay in filing

- 4 -

his habeas petition raises a substantial question regarding Gonzalez's diligence in seeking to obtain his file. This delay is far beyond the seven or 20 day delay resulting from a withheld file as noted in *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).

**IT IS THEREFORE RECOMMENDED** that Jacob Gonzalez's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 15th day of April, 2015.

_____
David K. Duncan
United States Magistrate Judge