NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob Gonzalez,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-14-00496-PHX-DJH<br><br>**ORDER** |

　　　　This matter is before the Court on Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R & R") by United States Magistrate Judge David K. Duncan. (Doc. 12). Finding that the petition was untimely, and that petitioner Jacob Gonzalez was not entitled to equitable tolling, Judge Duncan recommended denial of the petition and dismissal with prejudice. The Magistrate Judge "further recommended that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied because dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable." (*Id*. at 5:6-9) (emphasis omitted). Thereafter, the R & R expressly informed the parties that they were entitled to "file *specific* written objections with the Court[]" and a response to any such objections. (*Id*. at 5:14) (emphasis added). Concluding, the R & R warned that "[f]ailure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

recommendation." (*Id.* at 5:20-22) (citation omitted).  Petitioner timely filed objections to the R & R (Doc. 13), and  Respondents timely filed a response thereto (Doc. 14).

**I. Standard of Review**

The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (citations omitted) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."). Conversely, a "district judge *must* determine de novo any part of the magistrate judge's disposition that has been *properly objected to*." Fed.R.Civ.P. 72(b)(3) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made.") "Although the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R & R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. 2014) (citing *See*, *e.g.*, *Warling v. Ryan*, 2013 WL 5276367, at *2 (D.Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'"); *Gutierrez v. Flannican*, 2006 WL 2816599 (D.Ariz. 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir.1988); *Howard v. Sec. of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991); *United States v. One Parcel of Real Prop.*, 73 F .3d 1057, 1060 (10th Cir.1996)).

**II. R & R**

Judge Duncan recited the factual and procedural background of this petition and included cites to relevant portions of the record. (Doc. 12 at 23-2:27). In his petition, Gonzalez argued for equitable tolling of the one year period for filing his petition. The obvious implication, as Judge Duncan stated, is that Petitioner "acknowledges[] [that] his

- 2 -

petition is untimely." (*Id*. at 12:5). To be complete though, Judge Duncan analyzed the issue of whether Gonzalez' petition was untimely and soundly concluded that it was not – having been filed nearly five years late.

Turning to the issue of equitable tolling, Judge Duncan found that Petitioner could not avail himself of that doctrine because Petitioner did not address much less satisfy his burden of showing that "he pursued his rights diligently and that some extraordinary circumstance prevented him from filing the petition." (Doc. 12 at 4:8-10) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Instead, relying upon *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Ha Van Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), Petitioner argued that he was entitled to file an untimely habeas petition.

Judge Duncan found Petitioner's argument based upon *Martinez* to be "unpersuasive because Martinez does not address the limitations bar in Section 2244(d)(2) and it does not excuse an untimely habeas petition. (*Id*. at 4:13-17) (*E.g.*, *Madueno v. Ryan*, 2014 WL 2094189, at *7 (D. Ariz. May 20, 2014); *Marshall v. Ryan*, 2014 WL 710954, at *5 (D. Ariz. Feb. 25, 2014); *Moreno v. Ryan*, 2014 WL 24151, at *5 (D. Ariz. Jan. 2, 2014)). Further, Judge Duncan found "unavailing" Petitioner's argument that in *Ha Van Nguyen* "the Ninth Circuit extended Martinez to allow for untimely habeas petitions[.]" (Id. at 4:18-20). Judge Duncan offered the following rationale:

> [U]nlike here, *Ha Van Nguyen* involved an attempt to add a claim to a timely filed habeas petition after the expiration of the statute of limitations. . . . Because Gonzalez never timely filed a habeas petition, there has never been a petition that he can use to relate back his claims of ineffective assistance of counsel.

(*Id*. at 4:20-23) (citation omitted).

Judge Duncan also rejected Petitioner's final argument for equitable tolling, namely that "his current counsel could not timely obtain a copy of his legal file from his previous counsel." (Doc. 12 at 4:24-25) (citation omitted). Judge Duncan rejected this argument for two reasons. First, Petitioner did not provide the necessary factual

- 3 -

1  predicate to support equitable tolling.  More particularly, Petitioner did "not include the
2  date of the request, the length of the delay or any other facts that would bring this case
3  within the scope of *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003), *as amended*
4  (Nov. 3, 2003)." (Id. at 4: 26-27).  Continuing, Judge Duncan further reasoned that "the
5  nearly five-year delay in filing [Petitioner's] habeas petition raises a substantial question
6  regarding [his] diligence in seeking to obtain his file." (*Id*. at 4:28-5:2).  Finally, Judge
7  Duncan pointed out that Petitioner's nearly five year delay "is far beyond the seven or 20
8  day delay resulting from a withheld file as noted in *Lott v. Mueller*, 304 F.3d 918, 925
9  (9th Cir. 2002)." (*Id*. at 5:2-3).

**III. Objections and Response**

Petitioner did not object at all to the R & R's "Background" section.[1]  Nor did Petitioner object in any way to Judge Duncan's analysis of the statute of limitations issue and his finding of untimeliness.  Instead, cutting and pasting from his memorandum in support of his petition, Petitioner repeats verbatim his argument that he is entitled to equitable tolling.  *Compare* Doc. 2 at 8:18-9:11 *with* Doc. 13 at 3:1-6; and *compare* Doc. 2 at 12:3-9 *with* Doc. 13 at 3:17-4:2.  Petitioner concludes by "ask[ing] this Court to reject" the recommendation that his Petition be dismissed and to, instead, "consider the merits of the Petition." (Doc. 13 at 4:7-8).

According to Respondents, "this Court has no obligation to conduct a review of the R & R before adopting it." (Doc. 14 at 3) (citation omitted).  Respondents are taking this position for two closely related reasons.  First, in his objections, Petitioner did not identify "any specific flay" in Judge Duncan's analysis.  (*Id*.).  Second, Respondents accurately state that Petitioner did not "provide any specific reason why . . . Judge[] [Duncan's] finding—that *Martinez* and *Nguyen* are not applicable to his case—is

---

[1] In his objections, Petitioner "relie[d] on the facts as set forth in his Memorandum in Support of Petition for Writ of Habeas Corpus filed on March 13, 2014." (Doc. 13 at 2:11-12) (citation omitted).  To the extent Petitioner may be suggesting that there is some discrepancy between the facts relied upon by Judge Duncan and those in Petitioner's Memorandum, the obligation was on Petitioner to specifically object to Judge Duncan's background.  Petitioner did not do that, however, as noted above.

- 4 -

incorrect[,]" and this "his objection has the same effect as would a failure to object." (Id. at 3) (citing Warling, 2013 WL 5276367, at *2) (internal quotation marks and other citations omitted). Rather, Respondents contend that in his objections Petitioner merely "reiterates" earlier arguments made in his petition and his reply. (*Id*. at 2). Respondents are correct.

### IV. Failure to Make Specific Objections

Petitioner's objections lack the requisite specificity, which is fatal. The "obvious purpose" of the specificity requirement "is judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties." *Warling*, 2013 WL 5276367, at *2. (citing *Thomas*, 474 U.S. at 149; *Reyna–Tapia*, 328 F.3d at 1121). "Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object." *Id.* (citing *Howard*, 932 F.2d at 509; *Haley v. Stewart*, 2006 WL 1980649, at *2 (D.Ariz. 2006)). Furthermore, "[w]here, as here, Petitioner's objections point to not a single flaw in the R&R's analysis, they have the same effect as would a complete failure to object." *See Price v. Ryan*, 2016 WL 344466, at *1 (D. Ariz. Jan. 28, 2016) (citing *Warling*, 2013 WL 5276367 at *2). Given the complete lack of any specific objections to Judge Duncan's R & R, the Court has not obligation to and will not review Petitioner's so-called "objections."

### V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Magistrate Judge Duncan's R&R (Doc. 12) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are denied because dismissal of the petition is justify by a plain procedural bar and jurists of reason would not find the ruling debatable.

1    **IT IS FINALLY ORDERED** directing the Clerk of the Court to terminate this
2 action and enter judgment accordingly.

3    **Dated** this 28th day of November, 2016.

_____
Honorable Diane J. Humetewa
United States District Judge